**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04560-NYW

K.J.G.A,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
DAVID VENTURELLA, in his official capacity,
MARWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondent.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). [Doc. 1, filed September 16, 2026]. Respondents responded to the Petition, stating that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case," [Doc. 6 at 1–2], and Petitioner replied, [Doc. 8]. For the reasons set forth in this Order, the Petition is **GRANTED in part and DENIED in part**.

## BACKGROUND

Petitioner K.J.G. A. ("Petitioner" or "Mr. K.J.G.A") is a citizen of Venezuela who entered the United States in 2022. [Doc. 1 at ¶¶ 1, 18]. He applied for and was granted Temporary Protected Status ("TPS"), which was valid from October 23, 2024 through April 2, 2025. [*Id.*; Doc. 1-2]. On January 17, 2025, the Department of Homeland Security ("DHS") announced that the Venezuela's TPS designation was extended for 18 months,

from April 3, 2025 through October 2, 2026. [Doc. 1 at ¶ 18]; *see also* 90 Fed. Reg. 5961 (Jan. 17, 2025). Mr. K.J.G.A alleges that he filed an application to renew his initial TPS registration pursuant to this extension. [Doc. 1 at ¶ 18]. That renewal application "was still being processed at the time former DHS Secretary Noem purported to vacate DHS'[s] January 17, 2025 extension of TPS for Venezuela." [*Id.*]; *see* 90 Fed. Reg. 8805 (Feb. 3, 2025); *see also* 90 Fed. Reg. 9040 (Feb. 5, 2025) (terminating the 2023 TPS designation of Venezuela). Mr. K.J.G.A also has employment authorization valid through October 27, 2030. [Doc. 1 at ¶ 21].

On or about January 18, 2026, ICE encountered Mr. K.J.G.A in Wyoming and took him into custody. [*Id.* at ¶¶ 20, 41]. He filed this instant Petition on September 16, 2026. Mr. K.J.G.A argues that he was "illegally detained" because he had TPS status at that time, as extended on January 17, 2025. [*Id.* at ¶¶ 20–21]. He contends that Secretary Noem's vacatur of the 2023 TPS designation of Venezuela was ineffectual to terminate his TPS status, because on December 10, 2025, a Northern District of California court granted declaratory relief and declared the vacatur unlawful. [*Id.* at ¶¶ 2, 32, 51]; *see Nat'l TPS All. v. Noem*, No. 25-cv-01766-EMC, 2025 WL 3539156 (N.D. Cal. Dec. 10, 2025) ("*NTPSA*"). Mr. K.J.G.A. argues that because he was detained *after NTPSA* was decided, he still had TPS and therefore could not be detained. [*Id.*]. He brings three claims: (1) violation of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1254a; (2) violation of the INA, 8 U.S.C. § 1225; and (3) violation of the due process clause of the Fifth Amendment. [*Id.* at ¶¶ 49–63]. He asks this Court, among other things, to order Respondents to immediately release Petitioner or alternatively provide him with a bond hearing. [*Id.* at 21].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

### I. Count I: Violation of the INA, 8 U.S.C. § 1254a

Mr. K.J.G.A.'s first claim is that his detention is unlawful because he held TPS protection. He alleges that he had TPS through April 2, 2025 and that he applied to renew that status based on the DHS extending protection for Venezuelan TPS beneficiaries through October 2, 2026. [Doc. 1 at ¶ 18]. However, Mr. K.J.G.A. admits that his renewal application was still in process when DHS Secretary Noem issued a new order vacating the prior DHS extension of protection for Venezuelan TPS beneficiaries. [*Id.*]. And Secretary Noem subsequently terminated Venezuela's 2023 designation of TPS, 90 Fed.

Reg. 9040 (Feb. 5, 2025), which is the designation that Mr. K.J.G.A asserts he is subject to, [*id.* at 10 n.2].

Mr. K.J.G.A's argument that he still had TPS protection when he was detained in January 2026, despite Secretary Noem's vacatur and termination discussed above, is based solely on his contention that "[a]t the time of Petitioner's detention, [*NTPSA*] controlled and Respondents were forbidden from detaining him." *See* [Doc. 1 at ¶¶ 4, 32, 51]. Fundamentally, Mr. K.J.G.A. cites no authority in support of the contention that a declaratory judgment ruling from a court in the Northern District of California has any preclusive effect in this District, and this Court knows of none. *Cf. Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[T]he general rule [is] that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). Nor does Mr. K.J.G.A provide any authority from the Tenth Circuit or Supreme Court holding that Secretary Noem's vacating of the prior DHS extension of protection for Venezuelan TPS beneficiaries or termination of Venezuela's 2023 TPS designation was unlawful as of the time of Mr. K.J.G.A's detention, or that the vacatur of his TPS protection was unconstitutional.[1]

---

[1] It is also unclear whether *NPTSA* had any force of law even on January 18, 2026 when Mr. K.J.G.A. was taken into custody. The Supreme Court stayed the same district court's *injunctive* ruling that Secretary Noem could not revoke TPS protection for Venezuelans, first pending appeal to the Ninth Circuit and then to the Supreme Court. *See Noem v. Nat'l TPS All.*, 145 S.Ct 2728 (Mem) (May 19, 2025) (staying the district court's injunction pending review by the Ninth Circuit); *Noem v. Nat'l TPS All.*, 146 S.Ct. 23 (Mem) (Oct. 3, 2025) (staying the Ninth Circuit's ruling pending the grant of certiorari and the Supreme Court's review). The Supreme Court recently decided that the TPS statute itself precludes judicial review of the Secretary's order terminating a TPS designation. *See Mullin v. Doe* 609 U.S. 324, 338–39 (2026) ("There is no judicial review of any determination of the [Secretary of Homeland Security] with respect to the designation, or termination or extension of a designation, of a foreign state under this subsection."). The Court is not persuaded by Mr. K.J.G.A's argument that "*Mullin* does not control the outcome here."

Thus, the Court respectfully **DENIES** the Petition as to Count I.

## II. Counts II and III: Violation of the INA and Fifth Amendment Due Process Rights

Petitioner asserts that he "has been wrongfully detained under 8 U.S.C. § 1225." [Doc. 1 at ¶ 37 (emphasis omitted)]. As previously explained in detail by the Court, 8 U.S.C. § 1226(a) applies to noncitizens like Mr. K.J.G.A who have resided in the United States for years and were detained within the United States. *See, e.g.*, *Buckle v. Baltazar*, 26-cv-04647-NYW, 2026 WL 2948770, at *2 (D. Colo. Oct. 1, 2026) (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026)). And it is well-established that a noncitizen subject to § 1226(a) is eligible for bond. *Santillan Quiroz*, 180 F.4th at 1237. Because Mr. K.J.G.A. has been incorrectly held under § 1225 and has not received a bond hearing, his detention violates the INA and his Fifth Amendment due process rights. *See, e.g.*, *Buckle*, 2026 WL 2948770 at *2 (collecting cases).

The Petition is therefore **GRANTED** as to Counts II and III.

## III. Appropriate Remedy

Mr. K.J.G.A. asks the Court to order Respondents to immediately release him from custody. [Doc. 1 at 21]. He argues that immediate release is the appropriate remedy because "subjecting Mr. K.J.G.A. to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) is a clear violation of the INA" and because "a bond hearing before an immigration judge is unlikely to be a fair one." [*Id.* at ¶¶ 55–56]. Alternatively, he asks the Court to order

---

[Doc. 1 at ¶ 3]. Mr. K.J.G.A. attempts to differentiate *Mullin* by arguing that the Supreme Court upheld the *cancellation* of certain TPS designations but "did not opine on the question of whether" a *vacatur* of an extension of TPS "could be eligible for judicial review." [*Id.*]. But as Mr. K.J.G.A acknowledges, two days after Secretary Noem vacated DHS's extension of TPS for Venezuela, she terminated the 2023 designation of TPS for Venezuela. [*Id.* at ¶¶ 29–30].

that Respondents provide him "with a bond hearing at which the government bears the burden of proof by clear and convincing evidence and that the bond hearing fails to comport with due process where an Immigration Judge relies solely on considerations that would lead to an automatic denial of bond in most, if not all, cases." [*Id.* at 21]. Respondents, for their part, are "not submitting a brief in opposition to the Petition" but "submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents . . . provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a)." [Doc. 6 at 1–2].[2]

The Court finds it appropriate to order a bond hearing, rather than immediate release. Section 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond." *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025); *see also Santillan Quiroz*, 180 F.4th at 1251 n.13 (instructing the district court on remand only to order the Government to provide the petitioner with a bond hearing or else release him). This Court has previously held that a bond hearing before an immigration judge is sufficient to vindicate the procedural protections afforded by § 1226(a). *See, e.g.*, *Loa Caballero*, 2025 WL 2977650, at *9; *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 (D. Colo. Jan. 6, 2026).

Following the weight of authority in this District, the Court has previously required the Government to bear the burden of proof at a § 1226(a) bond hearing. *See Diaz Lopez*

[2] Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act. [Doc. 1 at 21]; *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). But this District's Local Rules require that those requests be made by separate motion. *See* D.C.Colo.LCivR 54.3. A fee award is thus inappropriate at this juncture.

*v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2026); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026); *see also, e.g.*, *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)). *But see De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026) (declining to place burden on the Government in a similar case). The Court also concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well." *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar*, 2026 WL 503313, at *5 (collecting cases).

Accordingly, Respondents are **ORDERED** to provide Petitioner a constitutionally adequate bond hearing no later than **November 9, 2026**. At the bond hearing, the Government shall bear the burden of justifying Petitioner's detention by clear and convincing evidence. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.** On or before **November 16, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED**;

(2) Respondent shall provide Petitioner a constitutionally adequate bond hearing no later than **November 9, 2026**. **At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified**. If Respondent does not provide Petitioner with a constitutionally adequate bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

(3) On or before **November 16, 2026**, the Parties **SHALL FILE** a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED: November 2, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge